# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )

LEIGH GLASS,                      )

                   )

              Plaintiff,        )

                   )

              v.             )      Civil Action No.  17-0902 (TSC)

                   )

U.S. DEPARTMENT OF JUSTICE,    )

                   )

              Defendant.    )

_____ )

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Transfer and to Revoke In Forma Pauperis Status [ECF No. 11].  For the reasons discussed below, Defendant's motion to dismiss is GRANTED and its remaining motions are DENIED.

## I. BACKGROUND

This action proceeds as one under the Privacy Act, *see* 5 U.S.C. § 552a, against the United States Department of Justice ("DOJ").  Plaintiff's claim arises from the alleged unlawful disclosure of "private protected information," (Compl. ¶ 13), by an Assistant United States Attorney ("AUSA") who was representing the United States Department of Housing and Urban Development ("HUD") in a matter Plaintiff had filed in the United States District Court for the Northern District of California, (*see id*. ¶¶ 9-10, 13).  Specifically, Plaintiff alleges that the AUSA found her "personal and obsolete contact information from the private and confidential records maintained by [HUD]," (*id*. ¶ 17), and disclosed Plaintiff's telephone number to the

1

presiding judge's law clerk, (*id*. ¶¶ 14, 16; *see id*. ¶ 20).[1]  Subsequently, Plaintiff had "lengthy[]"

conversations with [the] AUSA about [her] inappropriate behavior and the damages [the AUSA]

would cause, if unauthorized disclosures were made[.]"  (*Id*. ¶ 25).  According to Plaintiff,

Defendant's conduct "caused [her] damages" when "she missed medical appointments &

financial opportunities, because she was spending so much time, and money, trying to contact or

follow up with . . .  Defendant" which "intentionally harassed, defrauded, made illegal

disclosures, and impeded [Plaintiff's] access to the courts in order to thwart the lawsuit" in the

Northern District of California.  (*Id*. ¶ 27).

Defendant filed its Motion to Dismiss or, in the Alternative, to Transfer and to Revoke In

Forma Pauperis Status (ECF No. 11) on September 8, 2017.  Because a ruling on the motion

could dispose of this case, on September 8, 2017, the Court issued an Order advising Plaintiff of

her obligations under the Federal Rules of Civil Procedure and the rules of this Court.

Specifically, the Court advised Plaintiff that it would treat Defendant's motion as conceded if she

did not file an opposition or other response by October 19, 2017.  To date, Plaintiff has not filed

an opposition or requested additional time to do so.

## II. DISCUSSION

"The Privacy Act regulates the collection, maintenance, use, and dissemination of

information about individuals by federal agencies."  *Wilson v. Libby*, 535 F.3d 697, 707 (D.C.

Cir. 2008) (internal quotation marks and citations omitted).  Generally, it prohibits a federal

government agency from "disclos[ing] any record which is contained in a system of records by

---

[1]  Plaintiff brought this matter to the presiding judge's attention.  *See* Ex Parte Application Requesting Court Admonish Clerk & Implement Deterrent Procedures, *Glass v. U.S. Dep't of Housing & Urban Devel.*, No. 3:16-cv-2142 (N.D. Cal. Sept. 22, 2016).  She also raised this issue in a separate lawsuit.  *See* Complaint, *Glass v. U.S. Dep't of Justice*, No. 1:16-cv-2907 (E.D. Cal. Dec. 12, 2016).

any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). If an agency fails to comply with any of the Privacy Act's provisions in a way which adversely effects an individual, the agency may be liable for damages. *See* 5 U.S.C. § 552a(g)(1)(D); *Maydak v. United States*, 630 F.3d 166, 177-78 (D.C. Cir. 2010).

An actionable claim generally requires that "a disclosure . . . be the result of someone having actually retrieved the 'record' from [a] 'system of records.'" *Armstrong v. Geithner*, 608 F.3d 854, 857 (D.C. Cir. 2010) (quoting 5 U.S.C. § 552a(b)). The Privacy Act defines the term "record" as

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph

5 U.S.C. § 552a(a)(4). It defines the term "system of records" as

> a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual

5 U.S.C. § 552a(a)(5). The Court has reviewed Plaintiff's Complaint carefully, and has not found a single factual allegation to support a Privacy Act claim. Nowhere does Plaintiff identify a system of records under Defendant's control from which information actually was retrieved by Plaintiff's name or other identifier. Furthermore, Plaintiff's vague description of the harms allegedly sustained as a result of Defendant's disclosure cannot support a demand for actual damages that must be "limited to *proven* pecuniary or economic harm." *FAA v. Cooper*, 566 U.S. 284, 299 (2012) (emphasis added).

3

### III. CONCLUSION

The Complaint fails to state a Privacy Act claim upon which relief can be granted and, therefore, Defendant's motion to dismiss is granted. Its motion to transfer is denied as moot, and the motion to revoke Plaintiff's *in forma pauperis* status is denied without prejudice. An Order is issued separately.


DATE: November 27, 2017           /s/
                                             TANYA S. CHUTKAN
                                             United States District Judge